GILBERT ROGER HADDOCK, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 10884–76.     Filed June 29, 1978.

*Everette L. Wooten, Jr.,* for the petitioner.
*Frank D. Armstrong, Jr.,* for the respondent.

OPINION

CHABOT, *Judge:*[*] Respondent determined deficiencies in

---

[*]By order dated Apr. 4, 1978, the Chief Judge reassigned this case from Judge Charles R. Simpson to Judge Herbert L. Chabot for disposition.

petitioner's income tax and additions to the tax under sections 6651(a)(1) and 6653(a)[1] for the calendar years and in the amounts listed below:

| Year | Deficiency | Additions to tax sec. 6651(a)(1) | Additions to tax sec. 6653(a) |
|------|-----------|------------------|------------------|
| 1972 | $1,444.80 | $361.20 | $105.99 |
| 1973 | 3,577.35 | 715.47 | 295.60 |

After settlement of other issues, the single issue remaining is whether certain construction equipment bought by petitioner in 1972 and 1973 qualified for the investment credit under section 38 where, before buying that equipment, petitioner used it in his business under a rental agreement with the seller.

All of the facts have been stipulated; the stipulation and the exhibits attached thereto are incorporated herein by this reference.

Petitioner was a legal resident of Greenville, N.C., when he filed the petition in this case.

During 1972 and 1973, petitioner was principally engaged in the operation of heavy equipment used in the construction business. He rented some of that equipment from third parties. Normally, such rented equipment was new when petitioner placed it into operation. The customary rental agreement gave petitioner the option at any time during the rental period, or at the expiration of the period, to purchase the equipment at retail price, less a credit for a specified percentage of his rental payments.

During 1972 and 1973, petitioner elected to purchase four items of equipment which he had previously rented; each of these items was new when placed into operation by petitioner under the rental agreement. The description, the date rented, the date acquired, the useful life, and the cost of each item are shown in table 1. The cost figure is exclusive of rent paid by the petitioner on the equipment and for which petitioner was given credit against the purchase price.

---

[1] Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue.

TABLE 1

| Description of item | Date rented | Date acquired | Useful life | Cost |
|---|---|---|---|---|
| John Deere 310 Loader Backhoe.... | June 11, 1971 | Feb. 9, 1972 | 6 years | $6,369 |
| Grad-O-Mat Lazer............................ | June 1972 | Aug. 13, 1972 | 6 years | 6,576 |
| J. D. 450 Bulldozer ...................... | Oct. 11, 1972 | March 20, 1973 | 6 years | 8,080 |
| J. D. 500-C Backhoe........................ | June 1973 | Nov. 2, 1973 | 6 years | 11,208 |

The parties agree that if all four items described in table 1 qualify for the investment credit, petitioner is entitled to investment credits thereon of $604.31 for 1972 and $900.56 for 1973.

No election under section 48(d) was made by any of the lessors to treat petitioner as having acquired the equipment for purposes of claiming the investment credit.

Petitioner maintains that the items of equipment constituted "new section 38 property,"[2] because petitioner was the first user of the equipment. Respondent maintains that the equipment does not constitute new section 38 property[3] because petitioner's use of the equipment as lessee does not constitute the "original use" contemplated by the statute. Under respondent's analysis, the lessor of each item of equipment was the original user of that item of equipment.

We agree with respondent.

Section 38 allows as a credit against income tax an amount determined under sections 46 through 50. Section 46 provides that, in general, the credit for a taxable year is an amount equal to 7 percent[4] of the basis of new section 38 property (see n. 2 *supra*), as defined in section 48(b),[5] which is placed in service during the taxable year.

---

[2]Petitioner concedes that the equipment does not qualify as "used section 38 property" as defined in sec. 48(c)(1). Secs. 1.48–3(a)(2)(i) and 1.48–3(a)(3) (examples (2) and (4)), Income Tax Regs.

[3]Respondent concedes that the equipment is "section 38 property," within the meaning of sec. 48(a).

[4]Subsequent legislation raised the investment credit rate to 10 percent or more for certain periods after Jan. 21, 1975.

[5]SEC. 48. DEFINITIONS; SPECIAL RULES.

(b) NEW SECTION 38 PROPERTY.—For purposes of this subpart, the term "new section 38 property" means section 38 property—

(1) the construction, reconstruction, or erection of which is completed by the taxpayer after December 31, 1961, or

(2) acquired after December 31, 1961, if the original use of such property commences with the taxpayer and commences after such date.

In applying section 46(c)(1)(A) in the case of property described in paragraph (1), there shall be taken into account only that portion of the basis which is properly attributable to construction, reconstruction, or erection after December 31, 1961.

Although the statute does not specify directly whether the lessor or the lessee is the original user for purposes of section 48(b)(2), we conclude that the lessor normally is to be treated as the original user.

In the absence of an election under section 48(d) (described further *infra*), a lessor is eligible for the investment credit on the same terms as other taxpayers.[6] For any taxpayer to be able to claim the credit with respect to new section 38 property, the original use of that property must commence with that taxpayer. It follows, then, that the original use of leased property generally commences with the use by the lessor, which generally is use by the lessor in its leasing operations. Use by the lessee, then, generally is not "original use * * * with the taxpayer" that qualifies the property as new section 38 property.

As in effect during the years before the Court, section 48(d) permitted a lessor to elect, with respect to new property, to pass the credit through to the lessee rather than claim it himself. (See n. 6 *supra*.) The predecessor of this provision was part of the original enactment of the investment credit, in the Revenue Act of 1962 (Pub.L. 87–834). If such an election was made, "the original use of the property [was] deemed to commence with the first lessee if he [was] the first person to use such property for its intended function." H. Rept. 87–1447, p. A24, 1962–3 C.B. 405, 522; S. Rept. 87–1881, p. 161, 1962–3 C.B. 707, 865. No such election was made with respect to any of the items of equipment described in table 1. Consequently, section 48(d) cannot serve to cause any of those items to be treated as new section 38 property with respect to petitioner.[7]

To reflect the concessions made by the parties and the conclusion reached herein,

*Decision will be entered under Rule 155.*

---

[6]See, e.g., the committee reports on the Revenue Act of 1971 (Pub.L. 92–178), which restored the investment credit: H. Rept. 92–533, pp. 28–30, 1972–1 C.B. 498, 512–514; S. Rept. 92–437, pp. 43–45, 1972–1 C.B. 559, 582–584. See *general explanation of the Revenue Act of 1971*, prepared by the staff of the Joint Committee on Internal Revenue Taxation, pp. 40–41.

[7]The equipment bought by petitioner is "section 38 property" but is neither "new section 38 property" nor "used section 38 property." This results only in part from the statutory and regulatory scheme (see n. 2 *supra*). As indicated in the text, the Congress provided a method—the sec. 48(d) election—for avoiding this result. For reasons not appearing in the record, petitioner and his lessor/vendor did not choose to avail themselves of that method.